482 A.2d 559

**COMMONWEALTH of Pennsylvania**

v.

**Michael SAYKO, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1983.

Filed Sept. 21, 1984.

Petition for Allowance of Appeal Granted Feb. 20, 1985.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and HOFFMAN, JJ.

BROSKY, Judge:

This is an appeal from the order denying appellant's motion to vacate sentence. Appellant contends that the sentence he received on the charge of corruption of minors [1] was illegal because that offense had merged with the crimes of indecent assault [2] and indecent exposure [3] for

1. 18 Pa.C.S.A. § 3125 (repealed); see 18 Pa.C.S.A. § 6301.

2. 18 Pa.C.S.A. § 3126.

3. 18 Pa.C.S.A. § 3127.

which he was given consecutive sentences. We agree with appellant in part and, for the reasons that follow herein, vacate the sentence for indecent exposure and affirm the sentences for indecent assault and for corruption of minors, but with credit given for the time served on the indecent exposure conviction.

On May 31, 1978, appellant pled guilty to the charges of indecent exposure, indecent assault, and corruption of minors. These charges arose out of an incident which occurred on January 10, 1978. On that date, appellant entered a home in order to provide exterminating services for the residents. There, he induced a four year old girl to sit on his lap, at which time he placed his hand under her shirt and touched her chest. He then opened his trousers, exposed his genitals, and had the girl touch his genitals until he ejaculated on her hands.

■ On July 7, 1978, appellant was sentenced to consecutive terms of one to two years for indecent assault, one to two years for indecent exposure, and five years probation for corruption of minors. On July 12, 1978, a petition to withdraw his guilty plea was filed by appellant on the basis that the offenses of indecent exposure and indecent assault should have merged for purposes of sentencing. This petition was denied on July 25, 1978 and an appeal from that denial was filed on August 17, 1978 with the Superior Court which affirmed the judgment of sentence.[4] 274 Pa.Super. 628, 423 A.2d 1303 (1979).

---

**4.** The appeal procedure followed by appellant in his original appeal was only superficially correct. Pa.R.A.P. 343 provides that, when a timely motion has been filed pursuant to Pa.R.Crim.P. 321, appeal from the judgment on the plea is to be taken from the final order disposing of the Rule 321 motion.

However, although the petition was captioned as petition to withdraw guilty plea, its substance was solely that of a motion to modify sentence. Unlike the filing of a motion challenging the validity of a guilty plea, the filing of a motion to modify sentence does not affect the running of the thirty day period for filing a timely notice of appeal. Pa.R.Crim.P. 1410 (comment). Since defendants should not be permitted to extend the time for appeal simply by altering the form

■ On March 5, 1982, appellant filed a motion to vacate sentence.[5] The motion was denied on April 20, 1982 and this appeal timely followed.

Appellant argues that the crime of corruption of minors merged with the offenses of indecent assault and indecent exposure for sentencing purposes. For the reasons that follow herein, we agree, in part, with appellant's argument.

■ One test for determining whether one offense merges into another for sentencing purposes is whether one crime necessarily involves the other, i.e., the essential elements of one must also be the essential elements of the other. *Commonwealth v. Williams*, 290 Pa.Super. 209, 434 A.2d 717 (1981).[6]

■ Instantly, appellant was sentenced for indecent assault, indecent exposure, and corruption of minors.[7] Al-

of their post-sentence motions, this Court could have quashed appellant's original appeal as having been untimely filed.

5. We note that no such type of motion is provided for in the Rules of Criminal Procedure. A challenge to a sentence after the ten days allowed under Pa.R.Crim.P. 1410 for filing a motion to modify sentence is more properly brought under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. § 9541 et seq. However, considering the fact that the question of legality of a sentence is never waived, *Commonwealth v. Fortune*, 305 Pa.Super. 441, 451 A.2d 729 (1982), we believe it is in the interests of justice and judicial economy to look past the form of appellant's motion and treat the case as one substantively brought under the PCHA.

6. Although this test is probably the one most often applied, the concept of merger is actually somewhat broader:
   In merger of sentences cases, we focus not only on the similarity of the elements of the crimes but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed a *single criminal act*, in which case there will be merger and only a single sentence may be imposed, or more than a single act, in which case there will be no merger and a sentence may be imposed for each act.
   *Commonwealth v. Crocker*, 280 Pa.Super. 470, 475, 421 A.2d 818, 820–821 (1980) (citations omitted).

7. 18 Pa.C.S.A. § 3125 provided in relevant part as follows:
   Corruption of minors
      (a) Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18

though the information charging corruption is not clear on the point, the Commonwealth concedes that appellant's actions constituting either the indecent exposure or the indecent assault were the corrupting act forming the basis of the corruption of minors charge. Thus, once the Commonwealth had proven the crime of corruption of minors, no additional facts were necessary to prove either the offense of indecent exposure or the offense of indecent assault. Therefore, either the indecent assault or the indecent exposure offense merged with the crime of corruption of minors. See *Commonwealth v. Watson*, 311 Pa.Super. 89, 457 A.2d 127 (1983) (indecent assault conviction merged with conviction for corruption of minors where count for corruption of minors based on essentially the same act as indecent assault count); Cf. *Commonwealth v. Buser*, 277 Pa.Super. 451, 419 A.2d 1233 (1980).[8]

We emphasize, however, that only one of the two crimes of indecent assault and indecent exposure must merge with the offense of corruption of minors. This conclusion stems from this Court's prior affirmance of appellant's judgment of sentence which he had challenged on the ground that the

> years of age, or who aids, abets, entices or encourages any such minor in violating his or her parole or any order of court, is guilty of a misdemeanor of the first degree.

**8.** We note that in the case of *Commonwealth v. Norris*, 498 Pa. 308, 446 A.2d 246 (1982), the Pennsylvania Supreme Court held that the imposition of separate though concurrent sentences for the crimes of rape and corruption of a minor did not violate the double jeopardy clause of the United States Constitution under the test articulated in *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The test stated in *Blockburger* was that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each requires proof of a fact which the other does not ..." *Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.

Although the above analysis certainly casts some doubt on whether this test has truly been satisfied, we are bound by the decision of the Supreme Court on this issue. See *Commonwealth v. Butch*, 257 Pa.Super. 242, 390 A.2d 803 (1978). However, the Supreme Court in *Norris* did not consider nor decide the question of merger. Therefore, we believe that this court is free to decide this issue under the doctrine of merger. See generally, *Commonwealth v. Sparrow*, 471 Pa. 490, 503 n. 8, 370 A.2d 712, 719–20 n. 8, (1977).

crimes of indecent assault and indecent exposure merged for sentencing purposes. Although the judgment of sentence was affirmed in a *per curiam* order, the affirmance necessarily implies that the Court determined that the crimes did not merge for sentencing purposes, but were based on two distinct acts. Since these offenses did not themselves merge, we cannot find that both offenses merged with the crime of corruption of minors. Cf. *Commonwealth v. Maddox*, 307 Pa.Super. 524, 453 A.2d 1010 (1982) (where two burglary offenses did not merge, only one merged with a felony murder charge as the underlying felony). In other words, since only one of the crimes of indecent assault and indecent exposure was necessary to establish the corrupting act upon which to base the corruption of minors count, only one merged with that count.[9]

It also makes no difference, instantly, which of the offenses is chosen as the one which merges with the corruption of minors charge since both indecent assault and indecent exposure are second degree misdemeanors. Therefore, choosing one as the offense which merges with the corruption of minors charge and the other as a separate offense does not create a problem.[10]

■ Next, we must determine for which of the merged crimes appellant should have been sentenced. When crimes merge for sentencing purposes, the one for which a defendant may be sentenced is the one to which the legislature has attached the greatest penalty. *Commonwealth v. Boerner*, 281 Pa.Super. 505, 422 A.2d 583 (1980). Instantly, both indecent assault and indecent exposure are misdemeanors of the second degree, carrying a maximum sentence of two

---

**9.** This analysis implies, of course, that appellant could have been charged with another count of corruption of minors since there were two distinct corrupting acts. However, the Commonwealth chose not to do so.

**10.** We are aware that a problem could exist in other cases if unequal offenses were involved. However, this question is not before us at this time and should be left for future resolution. See *Maddox*, supra.

years, while corruption of minors is a misdemeanor of the first degree, carrying a maximum sentence of five years.[11] Thus, appellant could properly have been sentenced for either indecent assault or indecent exposure, and for corruption of minors.

■ However, as noted above, appellant was sentenced to consecutive terms of one to two years for indecent assault, one to two years for indecent exposure, and five years probation for corruption of minors. "In this situation, where we cannot determine whether the declared invalidity of a conviction on one count may have affected the lower court's sentencing on the remaining counts, we must remand to give the lower court an opportunity to reconsider sentencing on all counts." *Commonwealth v. Miranda,* 296 Pa.Super. 441, 462, 442 A.2d 1133, 1144 (1982). On remand, the court may sentence appellant for either indecent assault or indecent exposure, and for corruption of minors. Appellant is, of course, to be given credit for the time already served for all of these crimes.[12]

Judgment of sentence vacated and case remanded for resentencing in accordance with this opinion.

**11.** We note that the court in *Watson,* supra, stated that corruption of minors was a misdemeanor of the second degree. While such was the case prior to 1973, 18 Pa.C.S.A. § 3125(a) was amended on November 28, 1973, to make the crime a misdemeanor of the first degree.

**12.** The Commonwealth contends that the general principle that our decision implies is that the charge of corruption of minors will always merge with the underlying corrupting act, and concludes that this fact means that there is no need for the offense of corruption of minors to exist. While we agree that the offense of corruption of minors will always merge with the underlying act, we do not agree with the conclusion the Commonwealth draws from the facts. As was the case instantly, if the underlying act constitutes a less serious crime than the offense of corruption of minors, the corruption of minors charge is the crime for which the defendant may be sentenced. Moreover, we do not believe that the underlying act must itself constitute a criminal offense. See *Commonwealth v. Burak,* 232 Pa.Super. 499, 335 A.2d 820 (1975). Therefore, we conclude that our decision in no way judicially nullifies the legislature's creation of the offense of corruption of minors.