537 A.2d 1390

COMMONWEALTH of Pennsylvania

v.

Bryan SHURGALLA, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 14, 1987.

Filed March 3, 1988.

Anthony J. Urban, Assistant Public Defender, Mahanoy City, for appellant.

Claude A. Shields, Assistant District Attorney, Pottsville, for Com., appellee.

Before MONTEMURO, WATKINS and HESTER, JJ.

WATKINS, Senior Judge:

This case comes to us on appeal from the Court of Common Pleas of Schuylkill County and involves defendant-appellant's contentions that the offenses of aggravated assault and attempted murder should have been merged by the trial court, and that the court erred when it applied the weapons enhancement provisions of the Crimes Code to the defendant's sentence.

On July 27, 1986, the appellant shot his girlfriend in the back after she refused to continue seeing him. Appellant was charged with Criminal Attempt to Commit Murder, Aggravated Assault, Recklessly Endangering Another Person, and Simple Assault as a result of the incident. On December 30, 1986, appellant signed a written plea agreement which expressly contained a twelve to twenty-four month additional prison sentence for Weapons Enhancement. The trial court refused to accept the plea agreement and deferred sentence pending a pre-sentence investigation. Appellant pled guilty and on June 1, 1987, the court sentenced him to $40,000.00 restitution (the victim was partially

paralyzed as a result of the gunshot wound) and imprisonment of thirty-six (36) to seventy-two (72) months on the attempted murder charge and an additional twelve (12) to twenty-four (24) months imprisonment on the aggravated assault charge. The court also added an additional prison sentence of twelve to twenty-four months to the attempted murder charge under the Weapons Enhancement Act and held that the recklessly endangering charge and simple assault charge merged with the other offenses. On June 5, 1987, appellant filed a Motion to Modify Sentence with the trial court on which the court conducted a hearing on June 23, 1987. On June 30, 1987, the appellant filed the instant appeal. On November 20, 1987, the trial court entered an order consolidating the Aggravated Assault and Attempted Murder offense but affirming its twelve (12) to twenty-four (24) months sentence on the Weapons Enhancement. The Commonwealth now argues that the instant appeal should be dismissed as improvidently taken since the trial court had scheduled a hearing on appellant's motion to modify the sentence prior to the filing of the instant appeal.

In *Commonwealth v. Lee*, 278 Pa.Superior Ct. 609, 420 A.2d 708 (1980), we held that the filing of a motion requesting sentence modification and the fixing of hearing date thereon do not toll the time for filing an appeal from a judgment of sentence to our court. In the instant case the trial court not only fixed a date for hearing the modification motion, but also actually conducted the hearing thereon prior to the expiration of the thirty (30) day appeal period. Nevertheless, the sentence was not modified within the thirty-day appeal period. As such the thirty-day appeal period was not tolled and the appellant was correct in taking the appeal when he did. See *Pa.Rule Criminal Procedure 1410*. As such, jurisdiction over this issue is properly before this Court.

■■■ Appellant's first argument is that the offense of aggravated assault merges with the offense of attempted murder for sentencing purposes. The trial court so found in its November 20, 1987, order (which was entered subse-

quent to the time that this appeal was taken). Where the essential elements of one offense are also the essential elements of another offense, the lesser offense merges into the greater one. *Commonwealth v. Mitchell,* 319 Pa.Superior Ct. 170, 465 A.2d 1284 (1983). In the instant case the Commonwealth and the trial court agree with appellant's contention that the aggravated assault offense merges with the one for attempted murder. This Court also agrees that the offense merged as the one act of shooting the victim constituted the essential elements of both offenses. We hold that the offenses are merged in this case. *Commonwealth v. Ford,* 315 Pa.Superior Ct. 281, 461 A.2d 1281 (1983).

■ Appellant's next contention is that the sentence should not have been subject to the Weapons Enhancement provisions of *204 Pa. Code Section 303.4.* Appellant argues that since the wording of the criminal information contains an allegation of the fact that appellant shot the victim with a .9 mm pistol that the use of the weapon was an essential element of the crime of attempted murder and that, therefore, the Weapons Enhancement provisions of the law do not apply to this case. In *204 Pa. Code Section 303.4(b)* the act provides that there shall be no weapons enhancement for convictions of aggravated assault, the Pennsylvania Uniform Firearms Act, violations of the crimes codes relating to possession of instruments of crime or prohibited offensive weapons or of any other offense for which possession of a deadly weapon is an element of the statutory definition. We do not agree with appellant's contention regarding this issue. A person commits homicide if he intentionally, knowingly or negligently causes the death of another human being. *18 Pa.C.S.A. § 2501.* A person commits criminal attempt when he does any act which constitutes a substantial step toward the commission of a specific crime with the intent to commit that specific crime. *18 Pa.C.S.A. § 901(a).* Thus, while the shooting of another person may indeed constitute the means by which a person attempts to cause the death of another person the use of

the weapon does not constitute the essence of the crime because there are many other ways to cause the death of another person other than by shooting him or her with a gun. As such the court did not err in applying the Weapons Enhancement provision to appellant's sentence.

Finally, we find that the plea agreement form itself contained notice to the defendant that his sentence was to be increased by the Weapons Enhancement provisions of *204 Pa. Code Section 303.4(b)*. Appellant signed this agreement. He was provided adequate notice of the Commonwealth's intention to seek an additional sentence pursuant to its terms.

Judgment of sentence is vacated; the case is remanded to the trial court for re-sentencing consistent with this opinion. Jurisdiction relinquished.