629 A.2d 133

COMMONWEALTH of Pennsylvania

v.

Travis Jerome JONES, Appellant.

Superior Court of Pennsylvania.

Submitted June 7, 1993.

Filed July 29, 1993.

Timothy A. Lanza, Lancaster, for appellant.

Joseph C. Madenspacher, Asst. Dist. Atty., Lancaster, for the Com., appellee.

Before McEWEN, KELLY and CERCONE, JJ.

KELLY, Judge:

In this case, we are called upon to determine whether an attempted murder conviction merges, for purposes of sentencing, with an aggravated assault conviction (via attempt, pursuant to 18 Pa.C.S.A. § 2702(a)(2)). We hold that these particular crimes do not merge. Therefore, we affirm judgment of sentence.

The facts and procedural history of this case may be summarized as follows. On August 22, 1990, appellant, with the aid of an accomplice, stole a BMW. Using the stolen BMW, the appellant and his accomplice drove to a Domino's Pizza shop where they attempted a robbery. A locked door, however, thwarted their robbery attempt. Before leaving the scene, though, appellant fired a shot that put a nick in the heavy glass door blocking the entrance to the pizza shop.

Later that evening, Officer Jerry Jack, driving a marked squad car, spotted the stolen BMW backing into a driveway marked with "no trespassing" signs. Shortly thereafter the stolen BMW entered the public roadway and proceeded at a high rate of speed. Officer Jack pursued the stolen BMW. After observing numerous moving violations, Officer Jack activated his overhead emergency lights. During the chase that ensued, Officer Jack saw the appellant rise up through the sunroof of the stolen BMW three times. While appellant elevated himself through the sunroof, the officer got a good view of appellant, watched appellant point what the officer determined was a gun, and observed several flashes. In concert with one of those flashes, the officer felt and heard an

impact on the front of his squad car. Later inspection revealed a hole in the front of Officer Jack's car one inch below the point where the projectile would have penetrated the windshield and struck Officer Jack. Expert analysis determined that a lead object made the hole in Officer Jack's car.

Appellant was arrested on August 23, 1990, and charged with multiple criminal offenses pursuant to this conduct of August 22, 1990. Subsequent to the arrest, appellant's mother voluntarily consented to a warrantless search of appellant's bedroom in the family home. During that search, police officers seized evidence.

Appellant filed a pre-trial motion on December 21, 1990, to suppress the evidence seized by the police without a warrant. After an evidentiary hearing, the court denied appellant's motion to suppress. Appellant filed a supplemental pre-trial motion on March 1, 1991, which he later withdrew.

On September 3, 1991, appellant filed two *pro se* motions. First, appellant moved for and was granted new court-appointed counsel. Second, appellant moved for and was denied nominal bail pursuant to Rule 1100 of Pennsylvania's Rules of Criminal Procedure.

The case then proceeded to a jury trial where the jury found appellant guilty of all but one of the crimes charged. Appellant filed post-verdict motions for arrest of judgment and a new trial. These motions were timely filed and covered all of appellant's issues raised herein with the exception of issue V. The court denied appellant's post-verdict motions.

At sentencing, the court sentenced appellant for six offenses to an aggregate of seventeen to thirty-six years.[1] Appellant subsequently filed this timely appeal.

Appellant raises the following issues for our review:

1. The court sentenced appellant as follows:
 (1) for *theft* of a BMW automobile, 18 Pa.C.S.A. § 3921, sentence *three to six years;*
 (2) for *conspiracy to commit theft* of BMW, 18 Pa.C.S.A. §§ 903, 3921, sentence *one to two years;*
 Sentences (1) & (2) to be served concurrently with each other, but consecutively to all other sentences.

I. WHETHER THE COURT ERRED IN DENYING [APPELLANT'S] MOTION FOR RELEASE UPON NOMINAL BAIL BECAUSE OF INCARCERATION FOR A PERIOD IN EXCESS OF ONE HUNDRED EIGHTY (180) DAYS.

II. WHETHER THE COURT ERRED IN DENYING [APPELLANT'S] MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEFENDANT'S BEDROOM PURSUANT TO A WARRANTLESS SEARCH WITHOUT DEFENDANT'S CONSENT.

III. WHETHER THE EVIDENCE WAS SUFFICIENT TO SUSTAIN THE VERDICT IN THAT THE COMMONWEALTH DID NOT PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] POSSESSED THE REQUISITE SPECIFIC INTENT TO KILL OR INFLICT SERIOUS BODILY INJURY UPON OFFICER JERRY JACK.

IV. WHETHER THE VERDICT WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE IN THAT IT WAS NOT PROVEN BEYOND A REASONABLE DOUBT THAT [APPELLANT] INTENDED TO KILL OR INFLICT SERIOUS BODILY INJURY UPON OFFICER JERRY JACK.

V. WHETHER THE SENTENCE IMPOSED UPON [APPELLANT] IS ILLEGAL BECAUSE THE OFFENSE OF AGGRAVATED ASSAULT MERGES

(3) for *attempted murder*, 18 Pa.C.S.A. §§ 901, 2502, sentence *four to ten years;*

(4) for *aggravated assault*, 18 Pa.C.S.A. § 2702(a)(2), sentence *nine to twenty years;*

(5) for *recklessly endangering another person*, 18 Pa.C.S.A. § 2705, crime merged with aggravated assault for sentencing purposes;

(6) for *attempt to commit robbery* of pizza shop, 18 Pa.C.S.A. §§ 901, 3701, sentence *five to ten years;*

(7) for *recklessly endangering another person* when firing shot at pizza shop door, 18 Pa.C.S.A. § 2705, sentence *one to two years;*

(8) for *conspiracy to commit robbery*, 18 Pa.C.S.A. §§ 903, 3701, no sentence imposed;

Sentences (6) & (7) to be served concurrently with each other, but consecutively to all other sentences.

Transcript of Sentencing Proceedings at 25–27.

WITH THE OFFENSE OF ATTEMPTED MURDER AND WHETHER THE SENTENCE IS MANIFESTLY EXCESSIVE AND CONSTITUTES AN ABUSE OF DISCRETION.

Appellant's Brief at 4.

 After a thorough review of the record, the briefs of the parties, the applicable law, and the opinion of the trial court, we hold that appellant's first four questions raised on appeal are without merit. The trial court opinion fully discusses and correctly disposes of appellant's first four issues. Therefore, with regard to those issues, we affirm on the basis of the trial court opinion.[2]

2. The trial court opinion provides the following reasoning for its disposition regarding appellant's issues I through IV.

Issue I: Under Rule 1100 of Pennsylvania's Rules of Criminal Procedure, a defendant is entitled to immediate release on nominal bail after a period of pre-trial incarceration in excess of one hundred and eighty days. Pa.R.Crim.P. 1100(e). In calculating the one hundred and eighty days, however, certain time is excluded. Each of the following is excludable from the one hundred and eighty day calculation: (1) delay between complaint filing and arrest, (2) delay due to unavailability of defendant or defendant's counsel or any continuance granted upon request of defendant or defendant's counsel, and (3) time for which defendant waives Rule 1100. Pa.R.Crim.P. 1100(c). After subtracting the time associated with the listed exceptions, the trial was timely held. Therefore, appellant was not entitled to nominal bail.

Issue II: A warrantless search made pursuant to the voluntary consent of a party with "common authority" over the premises searched, is valid unless the defendant made an effort to exclude other family members from the area searched. *Commonwealth v. Gibbons*, 379 Pa.Super. 285, 549 A.2d 1296 (1988). Appellant's mother voluntarily consented to the search of appellant's bedroom in the family home and appellant never contended that his mother lacked common authority. Moreover, even if the search were unlawful, the evidence was not introduced against appellant at trial. Therefore, appellant would not be entitled to another remedy pursuant to the criminal law.

Issue III: The Pennsylvania courts have held that the necessary intent for attempted murder may be inferred from a defendant's conduct of taking aim and firing a shot that narrowly misses the vital organs of another human being. *See, e.g., Commonwealth v. Cross*, 231 Pa.Super. 148, 331 A.2d 813 (1974). *See also Commonwealth v. Harris*, 194 Pa.Super. 600, 169 A.2d 576 (1961) (shots fired at officer sitting in a police car sufficient to establish intent to kill, even though none of the shots struck the officer). Therefore, a reasonable jury could infer that the lead projectile that struck the front of Officer Jack's squad car,

■ The trial court reasoned that appellant waived all other issues which he did not address in his post-verdict motions brief. Trial Court Opinion at 3. We disagree. The issue of legality of sentencing is not waived by failure to raise the issue at trial or in post-verdict motions.[3] Hence, we address the contentions presented in appellant's fifth issue.

■ Appellant's fifth argument presents two subissues. First, appellant argues that his aggravated assault conviction merges with his attempted murder conviction for purposes of sentencing. We disagree.

In the companion cases of *Commonwealth v. Leon Williams*[4] and *Commonwealth v. Weakland*,[5] our Supreme Court refined the doctrine of merger by instituting a modified two-step analysis. This refinement narrowed the scope of the merger doctrine such that, for sentencing purposes, merger only occurs when the *"same facts* support convictions of *lesser included offenses." Commonwealth v. Weakland*, 521 Pa. 353,

narrowly missing the officer's vital organs, was intended by appellant to kill the officer.

Issue IV: The weight of the evidence is for the fact finder to determine. *Commonwealth v. Thomas*, 444 Pa. 436, 282 A.2d 693 (1971). For the court to upset a jury's verdict, it must appear "from the record that the jury's verdict was so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Laing*, 310 Pa.Super. 105, 110, 456 A.2d 204, 207 (1983) (quoting *Commonwealth v. Barnhardt*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981)). The trial court's conscience was not shocked by the jury's verdict and neither is ours.

3. *Commonwealth v. Anderson*, 416 Pa.Super. 203, 210, 610 A.2d 1042, 1045 (1992) (en banc). *See also Commonwealth v. Campbell*, 351 Pa.Super. 56, 63, 505 A.2d 262, 265 (1986) (en banc), *allocatur denied*, 517 Pa. 602, 536 A.2d 1327 (1987) ("legality of multiple sentences, based on a claim that the conviction should have merged for sentencing, is not waived by the failure to raise it" at trial); *Commonwealth v. Murphy*, 405 Pa.Super. 452, 457, n. 8, 592 A.2d 750, 752 n. 8 (1991) (legality of sentencing can be raised on appeal *sua sponte* ); *Commonwealth v. Blassingale*, 391 Pa.Super. 395, 402, 571 A.2d 426, 430 (1990), *allocatur denied*, 526 Pa. 627, 584 A.2d 311 (1990) (legality of sentencing issues "may be raised for the first time on appeal"); *Commonwealth v. Murphy*, *supra*, (Kelly, J., concurring) (the court may raise the claim of illegality of sentence even if counsel failed to do so).

4. 521 Pa. 556, 559 A.2d 25 (1989).

5. 521 Pa. 353, 555 A.2d 1228 (1989).

363, 555 A.2d 1228, 1233 (1989) (emphasis added); *Commonwealth v. Williams,* 521 Pa. 556, 56, 559 A.2d 25, 29 (1989).

█ A lesser included offense is:

[o]ne composed of some, but not all, of the elements of the greater crime, and which does not have any element not included in the greater offense.... When it is *impossible* to commit a particular crime without concomitantly committing, by the same conduct another offense of lesser grade or degree, the latter is, with respect to the former, a "lesser included offense."

Black's Law Dictionary, 812 (5th Ed.1979) (emphasis added). *Accord Commonwealth v. Fuller,* 396 Pa.Super. 605, 614–15, 579 A.2d 879, 884 (1990). For two crimes to merge, the *Weakland/Williams* analysis requires (1) that there exist a lesser included/greater offense relationship between the crimes involved and (2) that the same facts simultaneously establish the basis for both crimes. *Commonwealth v. Servich,* 412 Pa.Super. 120, 134, 602 A.2d 1338, 1345 (1992), *allocatur denied,* 531 Pa. 646, 612 A.2d 984 (1992). *See also Commonwealth v. Williams, supra; Commonwealth v. Weakland, supra.*

Because the shot fired by appellant, striking the front of Officer Jerry Jack's squad car, is the one act that simultaneously forms the basis for both aggravated assault and attempted murder, only the first step of the *Weakland/Williams* test is at issue here. Thus, if aggravated assault is a lesser included offense of attempted murder, the crimes will merge. *Commonwealth v. Anderson,* 416 Pa.Super. 203, 221, 610 A.2d 1042, 1051 (1992) (en banc) (citing *Commonwealth v. Weakland, supra* 521 Pa. at 363, 555 A.2d at 1233).

The rubric of aggravated assault includes several distinct crimes. These crimes include both inchoate and completed offenses. *See Commonwealth v. Anderson, supra* 416 Pa.Super. at 221, 610 A.2d at 1051. The specific facts in this case present a question of first impression—whether a particular form of aggravated assault (via attempt, pursuant to 18 Pa.

C.S.A. § 2702(a)(2)) bears a lesser included/greater offense relationship with attempted murder.[6]

The statutory definition of aggravated assault, relevant in the instant case, is as follows:

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

. . . .

(2) *attempts* to cause . . . *serious bodily injury* to a *police officer* . . . *in the performance of duty*

18 Pa.C.S.A. § 2702(a)(2). Thus, aggravated assault (via attempt, pursuant to § 2702(a)(2)) has three basic elements: (1) an attempt to cause, or the actual causation of, serious bodily injury; (2) to a police officer; and (3) in the performance of his or her duty. *See In Re Barry W.*, 423 Pa.Super. 549, 569, 621 A.2d 669, 680 (1993) (en banc) (that protected class of

**6.** The statutory definition of aggravated assault provides:
(a) Offense defined.—A person is guilty of aggravated assault if he:
(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to human life;
(2) *attempts* to cause or intentionally, knowingly or recklessly causes *serious bodily injury* to a *police officer*, firefighter, county adult probation or parole officer, county juvenile probation or parole officer or an agent of the Pennsylvania Board of Probation Parole *in the performance of duty* or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;
(3) attempts to cause or intentionally or knowingly causes bodily injury *to a police officer*, firefighter or county adult probation or parole officer, county juvenile probation or parole officer or an agent of the Pennsylvania Board of Probation and Parole in the performance of duty;
(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon; or
(5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member, other employee or student of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school.
18 Pa.C.S.A. § 2702 (emphasis added).

person act "in the performance of duty" is an essential element of aggravated assault pursuant to § 2702(a)(3)).[7]

Attempted murder, on the other hand, requires an intent to kill another human being. *See* 18 Pa.C.S.A. § 2501. Therefore, attempted murder does not necessarily involve a police officer in the performance of a duty, as aggravated assault under § 2702(a)(2) does. Hence, by definition, aggravated assault (via attempt, pursuant to § 2702(a)(2)) cannot be a lesser included offense of attempted murder. Because no lesser included/greater offense relationship exists between attempted murder and the form of aggravated assault involved in this case, the crimes do not merge for sentencing purposes under *Weakland/Williams, supra. See, e.g., Commonwealth v. Williams, supra* 521 Pa. at 564, 559 A.2d at 29.[8] Therefore, appellant was legally sentenced for both crimes.

7. Both *In Re Barry W.* and the instant case involve aggravated assaults on a police officer. *In Re Barry W.* and the instant case involve two different statutory forms of aggravated assault. In *In Re Barry W.* the completed form of § 2702(a)(3) was at issue, while the attempt form of § 2702(a)(2) is at issue in the instant case. A review of 18 Pa.C.S.A. § 2702 reveals that under the facts of *In Re Barry W.* and the instant case, only one material difference exists between the elements of these two statutory forms of aggravated assault: the severity of the harm attempted or inflicted upon a police officer. Under § 2702(a)(3), the perpetrator must attempt to cause, or inflict, *"bodily injury"* upon an on-duty police officer. Under § 2702(a)(2), on the other hand, the perpetrator must attempt to cause, or inflict, *"serious bodily injury"* upon an on-duty police officer. Because these two subsections evince a legislative concern with the protection of police officers, and the only material difference between their elements is the severity of the bodily injury attempted or inflicted, the holding of *In re Barry W.* applies herein.

8. We are not presented with the issue left unanswered in *Commonwealth v. Anderson:* whether the specific intent required to establish attempted murder and that required to establish aggravated assault (via attempt, pursuant to § 2702(a)(1)) are mutually exclusive, precluding the legal sentencing for both crimes on the basis of the same facts. *Commonwealth v. Anderson, supra,* at 224–25, n. 9, 610 A.2d at 1053, n. 9. Moreover, although the reasoning in *Commonwealth v. Anderson* for preclusion of merger of attempted murder and aggravated assault (via attempt, pursuant to § 2702(a)(1)) could provide additional support for the conclusion reached *sub judice,* we do not rely upon that reasoning. Specifically, *Commonwealth v. Anderson* reasoned that aggravated assault (via attempt, pursuant to § 2702(a)(1)) and attempted murder could not merge for two reasons. First, both crimes require a distinct,

■■■■ Second, appellant argues that the sentence imposed by the sentencing court was manifestly excessive and constitutes an abuse of discretion. Appellant has satisfied the technical and minimal requirements set forth by our Supreme Court in *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987) by designating a portion of his brief, "Statement of the Reasons Relied Upon for Allowance of Appeal With Regard to the Discretionary Aspects of the Sentence." Appellant's Brief at 24. Allowance of appeal may be granted only when it appears that there exists a substantial question that the sentence imposed was not appropriate under the sentencing code. *Commonwealth v. Darden,* 366 Pa.Super. 597, 531 A.2d 1144 (1987). *See also* 42 Pa.C.S.A. § 9781(b).

In deciding if a substantial question exists, "we may not look beyond the statement of questions presented and the concise prefatory 2119(f) statement." *Commonwealth v. Scullin,* 414 Pa.Super. 442, 446, 607 A.2d 750, 752 (1992) (citing *Commonwealth v. Felix,* 372 Pa.Super. 145, 155, 539 A.2d 371, 376 (1988), *allocatur denied,* 525 Pa. 642, 581 A.2d 568 (1990)). "A substantial question exists where 'appellant advances a colorable argument that the trial judge's actions were either inconsistent with the specific provision of the Sentencing Code, or the sentencing process.'" *Id.* (quoting *Commonwealth v. Zelinski,* 392 Pa.Super. 489, 499, 573 A.2d 569, 574 (1990)).

Appellant's sentences are in compliance with the specific provisions of the Sentencing Code. *See* Pa.Code §§ 303.1–303.9. Furthermore, appellant fails to raise a colorable claim why the particular sentencing scheme imposed by the sentencing court constitutes an abuse of discretion. Therefore, appellant does not raise a substantial question that his sentence was inappropriately fashioned. Accordingly, we deny allowance of appeal.

specific intent. Second, § 2702(a)(1) is a first degree felony while attempted murder is a second degree felony, and therefore, aggravated assault could not be a lesser included offense since it carries a greater maximum penalty than attempted murder. *Id.*

Allowance of appeal as to discretionary aspects of sentencing denied. Judgment of sentence affirmed.