# Commonwealth v. McNair

*Michelle Kelley, assistant district attorney,* for Commonwealth.
*Samuel J. Davis,* for defendant.

LESKINEN, *J.,* April 23, 2009—This matter comes before the court on an omnibus pretrial motion filed by the defendant, Carl H. McNair III, asking the court to grant a motion to suppress evidence and issue a writ of habeas corpus. Upon consideration of defendant's omnibus pretrial motion, the hearing held on the said motion, and the authority submitted by the defendant, the court finds that the motion to suppress evidence must be denied and the writ of habeas corpus must be denied.

## BACKGROUND

On or about March 14, 2008, at around 11 p.m. Trooper John Nathan Peters responded to a two-vehicle hit-and-run collision that occurred in the parking lot of the Mountain View Plaza in North Union Township, Fayette County, Pennsylvania. James Jozefick, owner of the vehicle hit in the plaza parking lot, testified at the preliminary hearing in front of District Judge Wendy Dennis that the accident occurred between 8 p.m.-10 p.m. that evening. Upon being dispatched, Trooper Peters learned that both vehicles involved in the accident proceeded to 29 Birch Street, also located in North Union Township.

When Trooper Peters arrived at 29 Birch Street he spoke with Jozefick. Trooper Peters accompanied by Trooper Tagmeyer then knocked on the door of the residence of the defendant, Carl McNair III. A girl around

the age of 16 or 17 answered the door and asked if they had come for her dad. Trooper Peters testified at the preliminary hearing that he knew the girl to be McNair's daughter and that she lived at the residence. McNair's teenage daughter consented to the police officers' request to enter the residence. Neither an arrest nor search warrant was obtained before the troopers entered McNair's residence.

Proceeding pursuant to the daughter's consent, the troopers found McNair unconscious in his bedroom. When the troopers woke McNair, they observed that he had bloodshot eyes, slurred speech, had urinated on his leg and was unable to stand without assistance. The troopers proceeded to arrest McNair for DUI and transported him to Uniontown Hospital where blood was drawn at 12:15 a.m.

## DISCUSSION

### Motion To Suppress Evidence

The court agrees that the defendant had a constitutional right to expect privacy in his own home. Normally, that privacy right could only be overcome on the basis of probable cause. However, probable cause is not required when there is consent to search. *Florida v. Bostick,* 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (citing *Commonwealth v. Shelly,* 703 A.2d 499, 502 (Pa. Super. 1997)).

In *Commonwealth v. Graham,* 949 A.2d 939 (Pa. Super. 2008), the Superior Court held that a third party with "apparent" authority over the area to be searched may provide police with proper consent to search the prem-

ises. This third party consent is valid when police reasonably believe the third party has the authority to consent. This is determined by examining the facts available to the police at the moment of consent that would lead a person of reasonable caution to believe the third party had authority over the premises. Since Trooper Peters knew the girl to be McNair's daughter and that she lived at the residence, the troopers had reason to believe McNair's daughter had apparent authority to give consent to search the residence.

Trooper Peters testified he entered the house and found McNair in his bedroom. The bedroom is normally thought to be an "uncommon area" in the home, in which a third party cannot give valid consent to search. However, the court in *Commonwealth v. Jones,* 427 Pa. Super. 345, 629 A.2d 133 (1993) held that warrantless searches of a defendant's bedroom made pursuant to voluntary consent of another family member living in the household, who had common authority over the family home, was valid, absent evidence that the defendant made efforts to exclude other family members from the bedroom. McNair failed to offer any evidence that his bedroom was off limits to other members of the family. Therefore, since McNair's daughter had authority to consent to the search of his residence, the troopers' warrantless entry is valid. The motion to suppress must be denied.

*Petition for Habeas Corpus Relief*

In an omnibus pretrial petition for habeas corpus relief, this court must determine whether the Commonwealth has established a prima facie case. *Commonwealth. v. Packard,* 767 A.2d 1068, 1070 (Pa. Super. 2001). A

prima facie case consists of evidence viewed in the light most favorable to the Commonwealth that sufficiently establishes both the commission of a crime and that the accused is most likely the perpetrator of that crime. *Commonwealth v. Lopez,* 439 Pa. Super. 625, 654 A.2d 1150 (1995). The prima facie case in support of a defendant's guilt consists of evidence presented by the Commonwealth that "if accepted as true, would warrant the trial judge to allow the case to go to a jury." *Commonwealth v. Austin,* 394 Pa. Super. 146, 151, 575 A.2d 141, 143 (1990) (citing *Commonwealth v. Wojdak,* 502 Pa. 359, 367, 466 A.2d 991, 995 (1983)).

McNair was charged under 75 Pa.C.S. §3802(a)(1) which provides in relevant part that:

"An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safe driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. §3802(a)(1)—General impairment.

McNair avers the Commonwealth failed to meet its burden of proof because it did not produce any evidence as to the time of McNair's alleged consumption of alcohol that evening in connection with the time of the accident. On reviewing the records and pertinent case law, this court disagrees.

In *Commonwealth v. Lovette,* 498 Pa. 665, 450 A.2d 975 (1982), the court held that, the fact that evidence establishing the defendant's participation in a crime is circumstantial does not preclude conviction where evi-

dence coupled with reasonable inferences drawn therefrom overcomes the presumption of innocence. *Id.* Although Jozefick testified he did not witness McNair consume any alcohol while at the pool hall, he did state that McNair appeared to be slouched over on a table and looked drunk. Jozefick also testified that he observed McNair unable to fully balance on his feet. Furthermore, after McNair hit Jozefick's car, Jozefick witnessed McNair get out of his van and stagger around his vehicle.

Trooper Peters' observations when he found McNair in his bedroom provided the officers with probable cause to arrest him. When taken to the hospital for a blood test, McNair had a 0.223 percent BAC. For these reasons, it can be reasonably inferred, through the evidence presented at the preliminary hearing that McNair was under the influence of alcohol at the time of the accident to a degree that he was incapable of driving safely, and therefore violated 75 Pa.C.S. §3802(a)(1).

McNair also avers the Commonwealth has failed to establish a prima facie case that he violated 75 Pa.C.S. §3802(c), which states:

"An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16 percent or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." Section 3802(c)—Highest rate of alcohol.

McNair argues that since the accident occurred between 8 p.m.-10 p.m. that evening and his blood was not

drawn until 12:14 a.m., the Commonwealth has failed to satisfy their burden under section 3802(c). The Commonwealth avers that the facts indicate that McNair's blood was drawn within the two hours as evidence proves McNair was operating a motor vehicle on the highways after 10:15 p.m. that night. The court holds that even if the evidence of time remains questionable, there is an exception to the two-hour rule under section 3802(g), which the Commonwealth can present to the fact-finder at trial.

Section 3802(g) states:

"Evidence of such alcohol or controlled substance concentration more than two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle is sufficient to establish that element of the offense under the following circumstances: (1) where the Commonwealth shows good cause explaining why the chemical test sample could not be obtained within two hours; and (2) where the Commonwealth establishes that the individual did not imbibe any alcohol or utilize a controlled substance between the time the individual was arrested and the time the sample was obtained." Section 3802(g)—Exception to two-hour rule.

The Commonwealth has sufficient evidence to meet this burden. First, the Commonwealth established good cause why the blood test occurred at 12:14 a.m. Jozefick testified that he estimated the time of the accident to be between 8 p.m.-10 p.m., however, there was a delay as to the time the police were called since both parties left the plaza after the accident and proceeded to 29 Birch Street. Jozefick testified he was at 29 Birch Street for 10

to 15 minutes before he called the police. Trooper Peters testified that as soon as he received the dispatch call about the accident around 11:04 p.m., he responded to 29 Birch Street and began investigating the scene.

Furthermore, Trooper Peters testified that when the troopers found McNair, he was passed out on his bed. The troopers proceeded to arrest McNair and take him to the police car where he was then transported to Uniontown Hospital for a blood test. After McNair was arrested he remained in police custody and therefore, did not imbibe any alcohol or use any controlled substances during this time.

Wherefore, the court enters the following order:

## ORDER

And now, April 23, 2009, upon consideration of the defendant's omnibus pretrial motion, the arguments of counsel and for the reasons set forth above, the motion to suppress evidence must be denied and, the petition for habeas corpus relief must be denied.