J-S71030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERIC PAYNE | |
| Appellant | No. 2427 EDA 2015 |

Appeal from the Judgment of Sentence July 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0608701-2006

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J. [*]

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 08, 2017**

Appellant, Eric Payne, appeals from the judgment of sentence entered on July 7, 2015, in the Court of Common Pleas of Philadelphia County, following revocation of his probation. Payne contends that his sentence should be vacated due to the revocation court's abuse of discretion in fashioning it. No relief is due.

The relevant facts and procedural history are as follows. On May 28, 2008, Payne pleaded *nolo contendere* to arson[1] and received a sentence of time served to 23 months' imprisonment, followed by 4 years' probation. Prior to the end of his probationary term, Payne was arrested and charged

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3301(c)(1).

with burglary, aggravated assault and related offenses. Following a jury trial, Payne was convicted of burglary, aggravated assault, possessing an instrument of crime, recklessly endangering another person, and criminal mischief. Payne was sentenced on these convictions to a term of 2 to 4 years' imprisonment followed by 4 years' probation.

Payne's convictions triggered a probation violation hearing for his underlying arson charge. On July 7, 2015, the revocation court determined that Payne had directly violated his probation by receiving new convictions, stemming from his break-in of his brother's home and beating his brother with a shovel. The trial court re-sentenced Payne to a term of 2 to 4 years' imprisonment for this violation. The revocation court ran this sentence consecutively to his sentence for burglary and aggravated assault, resulting in an aggregate term of incarceration of 4 to 8 years.

Payne filed a timely post-sentence motion requesting modification of his sentence, citing only the harshness of the consecutive nature of the sentence. The trial court held a hearing on the post-sentence motion. At the hearing, it became clear that the trial court was going to grant Payne's reconsideration motion, but *increase* the severity of his sentence. The trial court gave Payne the opportunity to withdraw his post-sentence motion and leave his sentence as is. ***See*** N.T., Post-Sentence Motion Hearing,[2]

---

[2] Obtaining this transcript was not an easy task. The lengths we had to go through to procure it are detailed in the two orders we issued to the lower
*(Footnote Continued Next Page)*

11/16/15, at 33 ("What's your request, sir? Now you can request to withdraw the petition. You can request whatever you like.") Payne responded, "I'll withdraw." *Id*. Payne's counsel indicated that the trial court provided "the biggest telegraph I've ever seen." *Id*. The trial court again asked Payne if he wanted to withdraw his motion. *See id*., at 34. And Payne stated, "We withdraw." *Id*.

This timely appeal followed.

Payne challenges the discretionary aspects of his sentence in this appeal. *See* Appellant's Brief, at 5. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (citation omitted). Here, Payne did not present the claim at sentencing and, as noted, he voluntarily withdrew his post-sentence motion. Accordingly, his discretionary aspects claim is waived.

In any event, even if Payne preserved the claim he would not be entitled to relief. We will briefly explain why.

*(Footnote Continued)* ─────────────────

court, the Honorable Frank Palumbo. *See* Order, filed 12/20/16; Order, filed 1/12/17. We finally received the transcript on January 25, 2017. The trial court's failure to timely comply with our original order needlessly delayed the resolution of this appeal. Such behavior is simply unacceptable.

Our standard when reviewing a sentence imposed following the revocation of probation is as follows:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Also, upon sentencing following revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

**Commonwealth v. Tann**, 79 A.3d 1130, 1132 (Pa. Super. 2014) (citation omitted). "[T]his Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

The claim Payne advances in his Rule 2119(f) statement[3] is that the revocation court's sentence of 2 to 4 years' imprisonment constitutes an abuse of discretion because it was imposed consecutively to an unrelated

---

[3] Outside of his Rule 2119(f) statement, Payne alleges that the trial court erred in fashioning several other aspects of the discretionary nature of his sentence including: (1) the trial court's decision to base Payne's sentence solely on Payne's prior acts and lack of remorse; (2) the trial court's impermissible reliance on prior bad acts; and (3) the trial court's failure to take into account Payne's background and ability for rehabilitation. **See** Appellant's Brief, at 5-6. However, in order to find a substantial question we may *only* look to an appellant's Rule 2119(f) statement. **See Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013) ("[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists."); **Commonwealth v. Jones**, 629 A.2d 133, 138 (Pa. Super. 1993) (appellate court may not look elsewhere in brief to find substantial question; claim must be set out in a separate Rule 2119(f) statement). Thus, we would not have considered any of these claims.

sentence *and* without regard to the factors articulated in 42 Pa.C.S.A. § 9721(b). Ordinarily, this claim raises a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (internal citation marks omitted). *See also Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). But in his post-sentence motion, Payne *only* objected to the harshness of the consecutive nature of the sentence. He lodged no objection to the fact, nor even mentioned, that the revocation court failed to consider the factors articulated in § 9721(b). Thus, shorn of the § 9721(b) claim, which is not preserved for our review, *see Shugars*, 895 A.2d at 1273-1274, we are left with a statement that the revocation court imposed an excessive sentence based solely on its consecutive nature. Such a claim would not even raise a substantial question for our review.

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). The sentencing court "has the discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Id*. (citation omitted); *see also* 42 Pa.C.S.A. § 9721(a); *Commonwealth v. Hoag*, 665 A.2d 1212,

1214 (Pa. Super. 1995) (stating that an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72 (citation omitted).

Payne would not have convinced us that such an "extreme circumstance" is present here. The revocation court acted within its discretion in imposing the sentence upon revocation consecutively to his sentence for his new convictions. Payne's sentences result from his actions in relation to two different victims. To run these sentences concurrently would allow Payne a "volume discount" for his crimes. *See Hoag*, 665 A.2d at 1214.

Given the serious nature of Payne's charges, the fact that he committed these crimes on people he knew, and his lack of remorse for his actions, we would have found no abuse of discretion with the revocation court's conclusion that an aggregate sentence of 4 to 8 years' imprisonment is reasonable and not excessive. Accordingly, Payne's sole challenge to the discretionary aspects of his sentence would not have raised a substantial question for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2017